UNITED DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CASTLEPOINT INSURANCE COMPANY A/S/O AL
SALVATIERRA,

         **Plaintiffs,**

  -against-

AMAZON.COM, INC., AMAZON.COM, LLC AND
AMAZON.COM.DEDC, LLC,

         **Defendants.**
-----------------------------------------------------------------------X

**PETITION FOR REMOVAL
from the Supreme Court of
the State of New York, N.Y.
County**

*Civil docket  No. _____/2017*

### AMAZON DEFENDANTS' NOTICE OF REMOVAL

  Defendants Amazon.Com, Inc., Amazon.com, LLC and Amazon.Com.DEDC, LLC, by

SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C. in the above-entitled

proceeding, desiring to exercise their right to removal pursuant to 28 U.S.C. §§1441 and 1446, as

amended by the Judicial Improvements and Access to Justice Acts §1016 (HR 4807), state as

follows:.

### I. INTRODUCTION

  1.  This suit was commenced by plaintiff against the defendants in the Supreme

Court of the State of New York, County of New York via filing of the Summons.  No further

proceedings have been had herein.  Plaintiff seeks damages for property damages in the amount

of $162,092.66, exclusive of interest, costs and disbursements.  Plaintiff's causes of action sound

in negligence, strict products liability, and breach of warranty.  The lawsuit involves a fire at the

Salvatierra home in Staten Island, New York allegedly casued by a self-balancing scooter

(commonly known as a hoverboard) purchased on Amazon.com and sold per the purchase order

by "E-Link".  Copies of plaintiff's Summons and Complaint are annexed as Exhibit "A".

### II. THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

  2.  This is a suit of civil nature which this United States District Court for the

Southern District of New York has original jurisdiction by reason of the diversity of citizenship

of the parties pursuant to 28 U.S.C. § 1332 as no plaintiff is a citizen of the same state as any of the defendants and the amount in controversy exceeds $75,000, exclusive of costs and disbursements.

3.      Plaintiff's Summons indicates that plaintiff's subrogor is a citizen of the State of New York residing in Richmond County. See Exhibit "A".

4.      The Summons and Complaint, filed on May 11, 2017 and served on May 23, 2017, indicates that plaintiff has an office in New York County, is licensed to do business in New York and the plaintiff is actually incorporated in the State of New York. This is so although it was merged into Castlepoint National Insurance Company, a California Corporation, by Agreement of Merger and Certificate of Approval of same effective July 19, 2016. See Exhibit "B", Agreement of Merger and Certificate of Approval of same.

5.      Defendant, **AMAZON.COM, INC.** is a corporation duly organized and existing under the laws of the State of Delaware and its principal place of business is in Washington State. It is a citizen of Delaware and Washington.

6.      **AMAZON.COM, LLC** is a corporation duly organized and existing under the laws of the State of Delaware and its principal place of business is in Washington State. It is a citizen of Delaware and Washington..

7.      **AMAZON.COM.DEDC, LLC** is a limited liability company whose sole member is Amazon Fulfillment Services, Inc which is a corporation duly organized and existing under the laws of the State of Delaware and its principal place of business is in Washington State. It is a citizen of Delaware and Washington.

8.      Based upon the foregoing, it appears that there is complete diversity between the plaintiff and the defendants.

## II. THE AMOUNT IS CONTROVERSY EXCEEDS $150,000.

9.      The amount in dispute in this action exceeds the sum of $75,000.00 exclusive of interests, disbursements and costs.

## IV. TIMELINESS OF REMOVAL

10.    The time to file this Petition for removal of this action to this Court has not elapsed and Defendants' time to answer the Summons and Complaint has not expired.

## V. NOTICE TO THE STATE COURT.

11.    A copy of this Notice of Removal is being served on plaintiff counsel and filed with the Supreme Court of the State of New York, New York County, where this case was originally pending.

WHEREFORE, Defendants Amazon.Com, Inc., Amazon.com, LLC and Amazon.Com.DEDC, LLC, request that this case be removed to the United States District Court, Southern District of New York, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: New York, New York
June 19, 2017

Yours, etc.,

J. JAY YOUNG, Esq. (JJY-4855)
SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Defendants
Amazon.Com, Inc., Amazon.com, LLC and
Amazon.Com.DEDC, LLC
111 John Street
New York, NY  10038
(212) 964-7400
AMZ-00109

TO: Wenig & Wenig, Esqs.
Attorney for Plaintiff
CastlePoint Insurance Company, a/s/o Al Salvatierra
150 Broadway, Suite 911
New York, NY  10038
(212) 374-9840

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Removal was electronically filed and mailed by first class mail, postage prepaid, this June 19, 2017, to all counsel of record as indicated on the service list below.

J. Jay Young
For the Firm

## SERVICE LIST

Wenig & Wenig, Esqs.
Attorney for Plaintiff
CastlePoint Insurance Company, a/s/o Al Salvatierra
150 Broadway, Suite 911
New York, NY  10038
(212) 374-9840

`

# EXHIBIT A

S57999

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x        Index No. 154402-17

CASTLEPOINT INSURANCE COMPANY A/S/O AL
SALVATIERRA,

                                          *Plaintiff*,

        -against-

AMAZON.COM, INC., AMAZON.COM LLC AND
AMAZON.COM.DEDC, LLC,

                                          *Defendants*.

-------------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT
## TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: New York, New York
        May 11, 2017

                                          Alan Wenig, Esq.
                                          WENIG & WENIG, PLLC
                                          Attorneys for Plaintiff
                                          150 Broadway - Suite 911
                                          New York, New York 10038
                                          (212) 374-9840
                                          awenig@weniglaw.com
                                          File No.:T1330

*Index No.* 154482-17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

CASTLEPOINT INSURANCE COMPANY A/S/O AL
SALVATIERRA,

Plaintiff,

    -against-

AMAZON.COM, INC., AMAZON.COM LLC AND
AMAZON.COM.DEDC, LLC,

Defendants.
_____

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT
### TO MANDATORY ELECTRONIC FILING
_____

**WENIG & WENIG, PLLC**
*Attorneys for Plaintiff*
150 BROADWAY
SUITE 911
NEW YORK, NEW YORK 10038
(212) 374-9840

_____

*To:*
*Attorney(s) for defendant*
_____

*Service of a copy of the within*                                    *is*
*hereby admitted.*

*Dated:*

        .................................................................

*Attorney(s) for*
_____

**WENIG & WENIG, PLLC**
*Attorneys for Plaintiff*
150 BROADWAY
SUITE 911
NEW YORK, NEW YORK 10038
(212) 374-9840

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 154402/2017

RECEIVED NYSCEF: 05/11/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

CASTLEPOINT INSURANCE COMPANY A/S/O AL
SALVATIERRA,

                                                    *Plaintiff,*

          -against-

AMAZON.COM, INC., AMAZON.COM LLC AND
AMAZON.COM.DEDC, LLC,

                                                    *Defendants.*

------------------------------------------------------------------x

Date Filed
Index No.

*Rec'd 5.23.1
Lobby*

*Plaintiff designates*
NEW YORK COUNTY
*as the place of trial*

*Plaintiff's address:*
70 Pine Street
New York, New York

## Summons

*Basis of venue:*
Plaintiff maintains an office in
NEW YORK COUNTY

TO THE ABOVE NAMED DEFENDANT:

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          May 11, 2017

                                        Alan Wenig, Esq.
                                        WENIG & WENIG, PLLC
                                        *Attorneys for Plaintiff*
                                        150 Broadway - Suite 911
                                        New York, New York 10038
                                        (212) 374-9840
                                        File No.: T1330

*Defendant's Address:*
Amazon.com, Inc., Amazon.com LLC and Amazon.com.DEDC,LLC
410 Terry Avenue
North Seattle, WA 98109

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 154402/2017
RECEIVED NYSCEF: 05/11/2017

*Index No.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CASTLEPOINT INSURANCE COMPANY A/S/O AL SALVATIERRA,

                  *Plaintiff,*

-against-

AMAZON.COM, INC., AMAZON.COM LLC AND AMAZON.COM.DEDC.LLC,

                  *Defendanst.*

# 𝔖𝔲𝔪𝔪𝔬𝔫𝔰 & 𝔒𝔬𝔪𝔭𝔩𝔞𝔦𝔫𝔱

**WENIG & WENIG, PLLC**
*Attorneys for Plaintiff*
150 BROADWAY
SUITE 911
NEW YORK, NEW YORK 10038
(212) 374-9840

*To:*
*Attorney(s) for defendant*

*Service of a copy of the within*                           *Is hereby admitted.*

*Dated:*

................................................................................
*Attorney(s) for*

**WENIG & WENIG, PLLC**
*Attorneys for Plaintiff*
150 BROADWAY
SUITE 911
NEW YORK, NEW YORK 10038
(212) 374-9840

9 of 9

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM   INDEX NO. 154402/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 05/11/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x
CASTLEPOINT INSURANCE COMPANY A/S/O
AL SALVATIERRA,

                          *Plaintiff,*

        -against-                                    **VERIFIED COMPLAINT**

AMAZON.COM, INC., AMAZON.COM LLC AND
AMAZON.COM.DEDC, LLC,

                          *Defendants.*
--------------------------------------------------------------------x

Index No.

        Plaintiffs, by their attorneys, Wenig & Wenig, PLLC, as and for a verified complaint against the defendant herein, respectfully allege as follows:

### FIRST CAUSE OF ACTION

        1.      That at all times hereinafter mentioned, plaintiff, Castlepoint Insurance Company (hereinafter referred to as "plaintiff") is a foreign corporation duly licensed and authorized to write insurance and conduct business in the State of New York.

        2.      That at all times hereinafter mentioned, plaintiff's subrogor, Al Salvatierra (hereinafter referred to as "subrogor") is a resident of the State of New York.

        3.      That at all times hereinafter mentioned, defendant, Amazon.com, Inc., is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

        4.      That at all times hereinafter mentioned, defendant Amazon.com, Inc. is a foreign corporation duly licensed and authorized to conduct business in the State of New York.

        5.      That at all times hereinafter mentioned, defendant Amazon.com, Inc. is a Delaware corporation, duly licensed and authorized to conduct business in the State of New York.

        6.      That at all times hereinafter mentioned, defendant Amazon.com, Inc. conducts business in the State of New York.

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM   INDEX NO. 154402/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 05/11/2017

7.      That at all times hereinafter mentioned, defendant Amazon.com, Inc. sells products in the State of New York.

8.      That at all times hereinafter mentioned, defendant Amazon.com, Inc. markets products in the State of New York.

9,      That at all times hereinafter mentioned, defendant Amazon.com, Inc. distributes products in the State of New York.

10.     That at all times hereinafter mentioned, defendant Amazon.com, Inc. derives revenue from business conducted in the State of New York.

11.     That at all times hereinafter mentioned, defendant Amazon.com, Inc. owns property in the State of New York.

12.     That at all times hereinafter mentioned, defendant Amazon.com LLC is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

13.     That at all times hereinafter mentioned, defendant Amazon.com LLC is a foreign limited liability company duly licensed and authorized to conduct business in the State of New York.

14.     That at all times hereinafter mentioned, defendant Amazon.com LLC is a Delaware limited liability company duly licensed and authorized to conduct business in the State of New York.

15.     That at all times hereinafter mentioned, defendant Amazon.com LLC conducts business in the State of New York.

16.     That at all times hereinafter mentioned, defendant Amazon.com LLC sells products in the State of New York.

17.     That at all times hereinafter mentioned, defendant Amazon.com LLC markets products in the State of New York.

18.     That at all times hereinafter mentioned, defendant Amazon.com LLC distributes products in the State of New York.

19.     That at all times hereinafter mentioned, defendant Amazon.com LLC derives revenue from business conducted in the State of New York.

20.     That at all times hereinafter mentioned, defendant Amazon.com LLC owns property in the State of New York.

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM          INDEX NO. 154402/2017
NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 05/11/2017

21.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

22.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC is a foreign limited liability company duly licensed and authorized to conduct business in the State of New York.

23.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC is a Delaware limited liability company duly licensed and authorized to conduct business in the State of New York.

24.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC conducts business in the State of New York.

25.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC sells products in the State of New York.

26.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC markets products in the State of New York.

27.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC ,LLC distributes products in the State of New York.

28.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC derives revenue from business conducted in the State of New York.

29.    That at all times hereinafter mentioned, defendant Amazon.com.DEDC, LLC owns property in the State of New York.

30.    That at all times hereinafter mentioned, defendants Amazon.com, Inc., Amazon.com LLC and Amazon.com.DEDC, LLC will be referred to collectively as "defendants".

31.    That at all times hereinafter mentioned, subrogor owned a home at 25 Bailey Place, Staten Island, New York (hereinafter referred to as "the home").

32.    That at all times hereinafter mentioned, subrogor and his family resided in the home.

33.    That on or about November 5, 2015, a Smart Balance Wheel hoverboard, battery and charger (hereinafter referred to collectively as "the hoverboard") malfunctioned and caused a fire inside the home.

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM     INDEX NO. 154402/2017
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 05/11/2017

34.     That as a result of the aforementioned incident on or about November 5, 2015, subrogor sustained property damage and additional living expenses in the sum of $162,092.56.

35.     That prior to November 5, 2015, defendants marketed the hoverboard to subrogor and his family.

36.     That prior to November 5, 2015, defendants sold the hoverboard to subrogor and his family (Order No. 107-8598722-0092205).

37.     That prior to November 5, 2015, defendants distributed the hoverboard to subrogor and his family.

38.     That prior to and including November 5, 2015, defendants were aware of the dangerous and defective condition of the hoverboard.

39.     That the aforementioned incident on or about November 5, 2015, was the proximate result of the negligence of defendants, their agents, servants and/or employees in the marketing, sale and distribution of the hoverboard, which defendants knew or should have known was unreasonably dangerous, defective and without warning of its susceptibility to malfunction, as hereinabove set forth; in that defendants were otherwise careless and negligent in the premises.

40.     Plaintiff and subrogor reserve the right to plead res ipsa loquitor at the time of trial.

41.     That prior to November 5, 2015, plaintiff issued an insurance policy to subrogor (hereinafter referred to as "the policy"), pursuant to which plaintiff insured subrogor for the damages being claimed, less a $1,000.00 deductible.

42.     That subsequent to November 5, 2015, subrogor made a claim to plaintiff under the policy for the damages sustained as a result of the November 5, 2015 incident, and was paid the sum of $161,092.50, for which plaintiff is the real party in interest.

43.     That based upon the deductible provision of the policy, subrogor is the real party in interest to the extent of $1,000.00.

44.     That as a result of the negligent and otherwise wrongful acts and omissions of defendants, as hereinabove set forth, plaintiff has sustained damage in the amount of $161,092.50 and subrogor has sustained damage in the sum of $1,000.00, for total damages sustained by plaintiff and subrogor in the sum of $162,092.50.

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM

NYSCEF DOC. NO. 1

INDEX NO. 154402/2017

RECEIVED NYSCEF: 05/11/2017

## SECOND CAUSE OF ACTION

45.     Plaintiff and subrogor repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of this complaint, numbered "1" through "43", with the same force and effect as though fully set forth herein at length.

46.     That at the time and place of the marketing, sale and distribution of the hoverboard, defendants implied and warranted to potential purchasers and users thereof, including subrogor and his family, that the hoverboard was safe, fit and merchantable for use and operation in the home.

47.     That at all times hereinafter mentioned, it was foreseeable that subrogor and his family would rely on said warranty.

48.     That at all times hereinafter mentioned, the hoverboard was not suitable or safe for such use and was dangerous for use in the manner hereinabove mentioned, of which fact defendants failed to make subrogor and his family aware.

49.     That as a result of the foregoing breach of warranty, defendants are liable to plaintiff in the sum of $161,092.56 and to subrogor in the sum of $1,000.00, for total damage sustained by plaintiff and subrogor in the sum of $162,092.56, no part of which has been paid, despite due demand therefore.

## THIRD CAUSE OF ACTION

50.     Plaintiff and subrogor repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of this complaint, numbered "1" through "43", "46 to "48", inclusive, with the same force and effect as though fully set forth herein at length.

51.     That defendants in the marketing, sale and distribution of the hoverboard placed upon the market a product in an unreasonably defective and dangerous condition, which was unsafe for its intended use, knowing that it would be used without inspection for its susceptibility to malfunction, as hereinabove set forth.

52.     That at all times herein mentioned, the hoverboard was being used in a manner reasonably forseeable by defendants.

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM

NYSCEF DOC. NO. 1

INDEX NO. 154402/2017

RECEIVED NYSCEF: 05/11/2017

53.    That as a result of the foregoing, defendants are strictly liable in tort to plaintiff in the sum of $161,092.56 and to subrogor in the sum of $1000.00, for total damage sustained by plaintiff and subrogor in the sum of $162,092.56.

WHEREFORE, plaintiff Castlepoint Insurance Company a/s/o Al Salvatierra demands judgment against defendants in the amount of $162,092.50, together with interest from November 5, 2015, including costs and disbursements of this action.

Dated: New York, New York
       May 11, 2017

Alan Wenig, Esq.
WENIG & WENIG, PLLC
Attorneys for Plaintiff
150 Broadway - Suite 911
New York, New York 10038
(212) 374-9840
File No. T1330

FILED: NEW YORK COUNTY CLERK 05/11/2017 03:17 PM    INDEX NO. 154402/2017
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 05/11/2017

## VERIFICATION

STATE OF NEW YORK   )
                      ) s.s.:
COUNTY OF NEW YORK  )

        I, the undersigned attorney, admitted to practice in the Courts of New York State, certify that:

        I am the attorney of record for the plaintiff in the within action.

        That I have read the foregoing Complaint and know the contents thereof and the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

        That my belief as to those matters therein not stated upon knowledge are based upon the correspondence, reports, statements, records and communications had with the plaintiff with regards to this action and which information is contained in the file maintained in my office.

        That the reason I make this affirmation instead of the plaintiff subrogors is because this is a subrogation action and the plaintiff subrogors maintains a place of business outside the County wherein deponent maintains his office.  Furthermore, the plaintiff is a foreign Corporation.

        I affirm that the foregoing statements are true under the penalties of perjury.

                           ALAN WENIG

Dated: New York, New York
        May 11, 2017

# EXHIBIT B

A0786753

2065822 SURV

FILED Eg
Secretary of State
State of California
ICC JUL 2 1 2016

## Agreement of Merger

## Merger of CastlePoint Insurance Company, Hermitage Insurance Company and Tower Insurance Company of New York with and into CastlePoint National Insurance Company

This Agreement of Merger is entered into between CastlePoint National Insurance Company, an insurance company organized under the laws of California (herein "Surviving Company") and CastlePoint Insurance Company, Hermitage Insurance Company and Tower Insurance Company of New York, each an insurance company organized under the laws of New York (collectively, the "Merging Companies").

1. Merging Companies shall be merged into Surviving Company.

2. The outstanding shares of the Merging Companies shall be canceled without consideration.

3. The outstanding shares of Surviving Company shall remain outstanding and are not affected by the merger.

4. Merging Companies shall from time to time, as and when requested by Surviving Company, execute and deliver all such documents and instruments and take all such action necessary or desirable to evidence or carry out this merger.

5. The effect of the merger and the effective date of the merger are as prescribed by law.

A0786753

IN WITNESS WHEREOF, each of the undersigned officers has executed this Agreement of Merger this 19th day of July, 2016.

TOWER INSURANCE COMPANY OF NEW YORK

By: _____
Name:  William Hitselberger
Title:  President & Treasurer


By: _____
Name:  Meghan Zeigler
Title:  Assistant Secretary


HERMITAGE INSURANCE COMPANY

By: _____
Name:  William Hitselberger
Title:  President & Treasurer


By: _____
Name:  Meghan Zeigler
Title:  Assistant Secretary

A0786753

CASTLEPOINT INSURANCE COMPANY

By: _____
Name:  William Hitselberger
Title:  President & Treasurer


By: _____
Name:  Meghan Zeigler
Title:  Assistant Secretary


CASTLEPOINT NATIONAL INSURANCE
COMPANY

By: _____
Name:  William Hitselberger
Title:  President & Treasurer


By: _____
Name:  Meghan Zeigler
Title:  Assistant Secretary

A0786753

**Certificate of Approval**
**of**
**Agreement of Merger**

**CastlePoint National Insurance Company**

William Hitselberger and Meghan Zeigler certify that:

1. They are the president and the assistant secretary, respectively, of *CastlePoint National Insurance Company*, an insurance company organized under the laws of California.

2. The principal terms of the Agreement of Merger in the form attached were duly approved by the board of directors and by the shareholders of the company by a vote that equaled or exceeded the vote required.

3. The shareholder approval was by the holders of 100% of the outstanding shares of the company.

4. There is only one class of shares and the number of shares outstanding entitled to vote on the merger is 300,000.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Date:  July 19, 2016

Name:  William Hitselberger
Title:  President & Treasurer

Name:  Meghan Zeigler
Title:  Assistant Secretary

A0786753

## Certificate of Approval
### of
### Agreement of Merger

## CastlePoint Insurance Company

William Hitselberger and Meghan Zeigler certify that:

1. They are the president and the assistant secretary, respectively, of *CastlePoint Insurance Company*, an insurance company organized under the laws of New York.

2. The principal terms of the Agreement of Merger in the form attached were duly approved by the board of directors and by the shareholders of the company by a vote that equaled or exceeded the vote required.

3. The shareholder approval was by the holders of 100% of the outstanding shares of the company.

4. There is only one class of shares and the number of shares outstanding entitled to vote on the merger is 100,000.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Date: _July 19, 2016_

Name: William Hitselberger
Title: President & Treasurer

Name: Meghan Zeigler
Title: Assistant Secretary

A0786753

**Certificate of Approval
of
Agreement of Merger**

**Hermitage Insurance Company**

William Hitselberger and Meghan Zeigler certify that:

1. They are the president and the assistant secretary, respectively, of *Hermitage Insurance Company*, an insurance company organized under the laws of New York.

2. The principal terms of the Agreement of Merger in the form attached were duly approved by the board of directors and by the shareholders of the company by a vote that equaled or exceeded the vote required.

3. The shareholder approval was by the holders of 100% of the outstanding shares of the company.

4. There is only one class of shares and the number of shares outstanding entitled to vote on the merger is 1,095.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Date: July 19, 2016

Name:  William Hitselberger
Title:  President & Treasurer

Name:  Meghan Zeigler
Title:  Assistant Secretary

A0786753

**Certificate of Approval**
**of**
**Agreement of Merger**

**Tower Insurance Company of New York**

William Hitselberger and Meghan Zeigler certify that:

1. They are the president and the assistant secretary, respectively, of *Tower Insurance Company of New York*, an insurance company organized under the laws of New York.

2. The principal terms of the Agreement of Merger in the form attached were duly approved by the board of directors and by the shareholders of the company by a vote that equaled or exceeded the vote required.

3. The shareholder approval was by the holders of 100% of the outstanding shares of the company.

4. There is only one class of shares and the number of shares outstanding entitled to vote on the merger is 1,482.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Date: July 19, 2016

Name:  William Hitselberger
Title:  President & Treasurer

Name:  Meghan Zeigler
Title:  Assistant Secretary

A0786753

STATE OF CALIFORNIA                                    DAVE JONES, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
LEGAL DIVISION - CORPORATE AFFAIRS BUREAU
45 FREMONT STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105

Jack.Hom@insurance.ca.gov



PDF copy via email to William Hitselberger [bhitselberger@twrgrp.com]

July 15, 2016

Mr. William E. Hitselberger
President and Treasurer
Tower Companies
59 Maiden Lane, 38th Floor
New York, NY 10038

RE:   CastlePoint Ins. Co.: 1011(c) Application – Merger with and into CastlePoint National
      Ins. Co.; APP-2016-00802; IDB # 16-3856

Dear Mr. Hitselberger:

On or about June 29, 2016, the California Department of Insurance ("CDI") accepted for filing the
1011(c) application from CastlePoint Ins. Co. (CastlePoint), a New York company, in connection with
its merger with and into CastlePoint National Ins. Co. (CNIC), a California company, wherein CNIC
will be the survivor. The merger of CastlePoint with and into CNIC, along with the pending mergers of
other Tower Companies (as listed below) with and into CNIC, are part of the proposed Conservation
Plan that is the subject of negotiation between the CDI and the Tower Companies. Although the
Conservation Plan is not in final form as of the date of this letter, the mergers of the various Tower
Companies with and into CNIC is a prerequisite to the implementation of the Conservation Plan.

The Tower Companies are ten individual insurance carriers that are domiciled in six different states:
(1) North East Ins. Co. - CA; (2) York Ins. Co. of Maine - CA[1]; (3) Tower Ins. Co. of New York - NY;
(4) Hermitage Ins. Co. - NY; (5) CastlePoint Ins. Co. - NY; (6) Tower National Ins. Co. - MA;
(7) Massachusetts Homeland Ins. Co. - MA; (8) CastlePoint Florida Ins. Co. - FL;
(9) Preserver Ins. Co. - NJ; (10) CastlePoint National Ins. Co. – CA.

The Conservation Plan proposes that all nine of the individual Tower Companies merge with and into
CNIC, with CNIC as the survivor. As provided in the Merger Agreement (Exhibit B to the subject
application), CNIC shall be deemed to have assumed all of the liabilities and contractual obligations of
CastlePoint. After all the mergers are completed, CNIC will be placed into conservation under
California Ins. Code Section 1011, with the California Ins. Commissioner as the Conservator.

---

1 As part of the Conservation Plan, North East Ins. Co. and York Ins. Co. each obtained a Certificate of Authority from California and
then subsequently changed their state of domicile from Maine to California in May 2016.

*Consumer Hotline (800) 927-HELP • Producer Licensing (800) 967-9331*

A0786753

Mr. W. Hitselberger
1011(c) Application – CastlePoint
July 15, 2016
Page 2

<u>Conditional Approval</u>
In accordance with California requirements, on July 8 CastlePoint submitted its Board of Directors Resolution, and on July 11 it submitted its Shareholder Resolution, both of which approved the merger.

The CDI has completed its review of the documents submitted in support of the merger application. Due to the Tower Companies' hazardous condition, the CDI expedited its review of the merger application in order to proceed with the Conservation Plan as expeditiously as possible. Accordingly, the CDI waived the requirement of submission of certain documents that would have otherwise been required.

The CDI hereby grants conditional approval of the merger of CastlePoint into CNIC; however, the approval is subject to the completion of the mergers of the aforementioned Tower Companies with and into CNIC.

If the mergers of the Tower Companies with and into CNIC are not completed, this conditional approval shall not be effective.

Should you have any questions about this letter, please feel free to contact the undersigned.

Thank you for your cooperation in this matter.

Sincerely,

Jack K. Hom
Attorney III

CC:   Tomoko Stock; Fannie Huang

A0786753

STATE OF CALIFORNIA                                    DAVE JONES, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
LEGAL DIVISION - CORPORATE AFFAIRS BUREAU
45 FREMONT STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105

Jack.Hom@insurance.ca.gov



PDF copy via email to William Hitselberger [bhitselberger@twrgrp.com]

July 15, 2016

Mr. William E. Hitselberger
President and Treasurer
Tower Companies
59 Maiden Lane, 38th Floor
New York, NY 10038

    RE:    Hermitage Ins. Co.: 1011(c) Application – Merger with and into CastlePoint National Ins.
             Co.; APP-2016-00803; IDB # 16-3857

Dear Mr. Hitselberger:

On or about June 29, 2016, the California Department of Insurance ("CDI") accepted for filing the
1011(c) application from Hermitage Ins. Co. (Hermitage), a New York company, in connection with its
merger with and into CastlePoint National Ins. Co. (CNIC), a California company, wherein CNIC will be
the survivor. The merger of Hermitage with and into CNIC, along with the pending mergers of other
Tower Companies (as listed below) with and into CNIC, are part of the proposed Conservation Plan that
is the subject of negotiation between the CDI and the Tower Companies. Although the Conservation
Plan is not in final form as of the date of this letter, the mergers of the various Tower Companies with
and into CNIC is a prerequisite to the implementation of the Conservation Plan.

The Tower Companies are ten individual insurance carriers that are domiciled in six different states:
(1) North East Ins. Co. - CA; (2) York Ins. Co. of Maine - CA[1]; (3)Tower Ins. Co. of New York - NY;
(4) Hermitage Ins. Co. - NY; (5) CastlePoint Ins. Co. - NY; (6) Tower National Ins. Co. - MA;
(7) Massachusetts Homeland Ins. Co. - MA; (8) CastlePoint Florida Ins. Co. - FL;
(9) Preserver Ins. Co. - NJ; (10) CastlePoint National Ins. Co. – CA.

The Conservation Plan proposes that all nine of the individual Tower Companies merge with and into
CNIC, with CNIC as the survivor. As provided in the Merger Agreement (Exhibit B to the subject
application), CNIC shall be deemed to have assumed all of the liabilities and contractual obligations of
Hermitage. After all the mergers are completed, CNIC will be placed into conservation under California
Ins. Code Section 1011, with the California Ins. Commissioner as the Conservator.

---

1 As part of the Conservation Plan, North East Ins. Co. and York Ins. Co. each obtained a Certificate of Authority from California and
then subsequently changed their state of domicile from Maine to California in May 2016.

A0786753

Mr. W. Hitselberger
1011(c) Application -- Hermitage
July 15, 2016
Page 2

<u>Conditional Approval</u>
In accordance with California requirements, on July 8 Hermitage submitted its Board of Directors Resolution, and on July 11 it submitted its Shareholder Resolution, both of which approved the merger.

The CDI has completed its review of the documents submitted in support of the merger application. Due to the Tower Companies' hazardous condition, the CDI expedited its review of the merger application in order to proceed with the Conservation Plan as expeditiously as possible. Accordingly, the CDI waived the requirement of submission of certain documents that would have otherwise been required.

The CDI hereby grants conditional approval of the merger of Hermitage into CNIC; however, the approval is subject to the completion of the mergers of the aforementioned Tower Companies with and into CNIC.

If the mergers of the Tower Companies with and into CNIC are not completed, this conditional approval shall not be effective.

Should you have any questions about this letter, please feel free to contact the undersigned.

Thank you for your cooperation in this matter.

Sincerely,

Jack K. Hom
Attorney III

CC:   Tomoko Stock; Fannie Huang

A0786753

STATE OF CALIFORNIA                                          DAVE JONES, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
LEGAL DIVISION - CORPORATE AFFAIRS BUREAU
45 FREMONT STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105

Jack.Hom@insurance.ca.gov



PDF copy via email to William Hitselberger [bhitselberger@twrgrp.com]

July 15, 2016

Mr. William E. Hitselberger
President and Treasurer
Tower Companies
59 Maiden Lane, 38th Floor
New York, NY 10038

    RE:    Tower Ins. Co. of New York: 1011(c) Application – Merger with and into CastlePoint
            National Ins. Co.; APP-2016-00799; IDB # 16-3852

Dear Mr. Hitselberger:

On or about June 29, 2016, the California Department of Insurance ("CDI") accepted for filing the 1011(c) application from Tower Ins. Co. of New York (TICNY), a New York company, in connection with its merger with and into CastlePoint National Ins. Co. (CNIC), a California company, wherein CNIC will be the survivor. The merger of TICNY with and into CNIC, along with the pending mergers of other Tower Companies (as listed below) with and into CNIC, are part of the proposed Conservation Plan that is the subject of negotiation between the CDI and the Tower Companies. Although the Conservation Plan is not in final form as of the date of this letter, the mergers of the various Tower Companies with and into CNIC is a prerequisite to the implementation of the Conservation Plan.

The Tower Companies are ten individual insurance carriers that are domiciled in six different states:
(1) North East Ins. Co. - CA; (2) York Ins. Co. of Maine - CA[1]; (3) Tower Ins. Co. of New York - NY;
(4) Hermitage Ins. Co. - NY; (5) CastlePoint Ins. Co. - NY; (6) Tower National Ins. Co. - MA;
(7) Massachusetts Homeland Ins. Co. - MA; (8) CastlePoint Florida Ins. Co. - FL;
(9) Preserver Ins. Co. - NJ; (10) CastlePoint National Ins. Co. – CA.

The Conservation Plan proposes that all nine of the individual Tower Companies merge with and into CNIC, with CNIC as the survivor. As provided in the Merger Agreement (Exhibit B to the subject application), CNIC shall be deemed to have assumed all of the liabilities and contractual obligations of TICNY. After all the mergers are completed, CNIC will be placed into conservation under California Ins. Code Section 1011, with the California Ins. Commissioner as the Conservator.

---

1 As part of the Conservation Plan, North East Ins. Co. and York Ins. Co. each obtained a Certificate of Authority from California and then subsequently changed their state of domicile from Maine to California in May 2016.

A0786753

Mr. W. Hitselberger
1011(c) Application – TICNY
July 15, 2016
Page 2

Conditional Approval
In accordance with California requirements, on July 8 TICNY submitted its Board of Directors
Resolution, and on July 11 it submitted its Shareholder Resolution, both of which approved the merger.

The CDI has completed its review of the documents submitted in support of the merger application. Due
to the Tower Companies' hazardous condition, the CDI expedited its review of the merger application in
order to proceed with the Conservation Plan as expeditiously as possible. Accordingly, the CDI waived
the requirement of submission of certain documents that would have otherwise been required.

The CDI hereby grants conditional approval of the merger of TICNY into CNIC; however, the approval
is subject to the completion of the mergers of the aforementioned Tower Companies with and into
CNIC.

If the mergers of the Tower Companies with and into CNIC are not completed, this conditional approval
shall not be effective.

Should you have any questions about this letter, please feel free to contact the undersigned.

Thank you for your cooperation in this matter.

Sincerely,

Jack K. Hom
Attorney III


CC:    Tomoko Stock; Fannie Huang

A0786753

STATE OF CALIFORNIA

Dave Jones, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
Legal Division, Corporate Affairs Bureau
45 Fremont Street, 24th Floor
San Francisco, CA 94105

Jack K. Hom
Attorney III
TEL: (415)538-4129
E-Mail: Jack.Hom@insurance.ca.gov

PDF copy via email to ellen.yamshon@sos.ca.gov

July 21, 2016

Re:   Tower National Ins. Co.

Dear Ms.Yamshon:

This letter shall confirm that the California Department of Insurance hereby removes the conditional approval of the mergers of (1) North East Ins. Co.; (2) York Ins. Co. of Maine; (3) CastlePoint Florida Ins. Co.; (4) Preserver Ins. Co.; (5) CastlePoint Ins. Co.; (6) Hermitage Ins. Co.; and (7) Tower Ins. Co. of New York with and into CastlePoint National Ins. Co.

Specifically, it is the CDI's understanding that the merger of Tower National Ins. Co. is delayed due to a tax issue.  The mergers of the seven companies listed above may proceed despite the TNIC merger delay.

Please let me know if you need anything further in this regard

Thank you very much for your assistance.

Sincerely,

Jack K. Hom
Attorney III

Federal District Court, Sothern District of New York.

```
-------------------------------------------------------------------X
CASTLEPOINT INSURANCE COMPANY A/S/O AL SALVATIERRA,

Plaintiffs,

                    -against-

AMAZON.COM, INC., AMAZON.COM, LLC AND AMAZON.COM.DEDC, LLC,          Civil Action No. 154402/2017
                                    Defendants.

-------------------------------------------------------------------X
```

## PETITION FOR REMOVAL

**SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
Attorneys for Defendants
Amazon.Com, Inc., Amazon.com, LLC and Amazon.Com.DEDC, LLC
111 John Street
New York, NY  10038
(212) 964-7400
AMZ-00109

## CERTIFICATION PURSUANT TO F.R.Civ.P. 11

J. JAY YOUNG hereby certifies that, pursuant to F.R.Civ.P. 11, the foregoing is not frivolous nor frivolously presented.

Dated:    New York, New York
          June 19, 2017

_____
J. JAY YOUNG

11